UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-00576 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| MOLLY O'TOOLE, et al. ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M

Plaintiff Samuel Jefferson, an inmate at the DeBerry Special Needs Facility in Nashville, Tennessee, brings this *pro se, in forma pauperis* action alleging conspiracy claims pursuant to 42 U.S.C. §§ 1985(2) and (3) against defendants Molly O'Toole, Corizon Corp. psychiatrist; Ferrer, Poirot, and Wansbrough ("FPW"), a law firm that solicited the plaintiff to join a class action suit involving the anti-psychotic medication Zyprexa; Mat Daniel, an agent and/or employee of FPW; Eli Lilly Corporation ("Eli Lilly"), the drug manufacturer; and f/n/u Barless, "SOTP"[1] program director; and Corizon Corp.[2] (Docket No. 1). The plaintiff seeks money damages from the defendants exceeding one billion dollars as well as injunctive relief. (*Id.* at p. 5).

## II. PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

---

[1]The complaint does not make clear the meaning of "SOTP" but it appears to be a program offered at the Charles Bass Correctional Facility where the plaintiff previously was incarcerated. (Docket No. 1 at p. 6).

[2]Although it is unclear from the complaint, Corizon Corp. appears to be the entity responsible for providing mental health services to inmates at the DeBerry Special Needs Facility. (Docket No. 1 at p. 6).

1

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## III. Analysis

The plaintiff claims that he is the victim of a conspiracy to deny him his civil rights in violation of 42 U.S.C. § 1985(2) and (3).

In order to state a claim under § 1985(2), a plaintiff must allege facts in his complaint supporting a claim of a conspiracy either (1) to influence parties, witnesses, or jurors in federal court proceedings; or (2) "for the purpose of impeding, hindering, obstructing, or defeating, in any matter, the due course of justice in any state" motivated by racial or other class-based discriminatory animus. *McGhan v. Kalkaska Co. Dep't of Human Servs.*, 2009 WL 2170151, *14 (W.D. Mich. 2009). In order to establish a violation of § 1985(3), a plaintiff must show (1) a conspiracy involving two or more people (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law (3) an act in furtherance of the conspiracy (4) with

a resulting injury to person or property, or a deprivation of any right or privilege of a citizen of the United States. *Percival v. Girard*, 692 F. Supp.2d 712, 731 (E.D. Mich. 2010). It must also be shown that the conspiracy was motivated by a class-based animus such as race. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).

Here, the plaintiff contends that the defendants conspired with one another (1) to deprive the plaintiff of his right to due process, (2) to obstruct his ability to prosecute his valid claims and (3) to retaliate against the plaintiff and deter him from pursuing his claims and appeals. Specifically, the plaintiff contends that defendant O'Toole conspired with the other defendants to threaten, intimidate, and bully the plaintiff after she learned of his lawsuit against the defendants.

As the court noted above, the second clauses of both §§ 1985(2) and (3) require proof of a racial or otherwise class-based discriminatory animus behind the defendants' actions. Here, however, the plaintiff has not alleged any facts regarding his race or class membership, or facts suggesting that actions were taken against him because of his race or class. Consequently, the plaintiff's conspiracy claims under §§ 1985(2) and (3) fail as a matter of law.

**IV.    Conclusion**

For the reasons stated above, the court finds that the plaintiff's conspiracy claims fail to state claims upon which relief can be granted under §§ 1985(2) and (3). Accordingly, the plaintiff's claims will be dismissed with prejudice.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge

3